

**United States District Court**

**Northern District of Oklahoma**

**FILED**

MAY 2 2 2012

Phil Lombardi, Clerk
U.S. DISTRICT COURT

Mark Andres Green ①  )
           )
    Plaintiff     )
           )
    *versus*     )
           )
Pershing, LLC, a foreign ② )
Limited Liability Company )
And;           )
John Does 1-20 ③  )
           )
    Defendants   )

Case No. **12 CV - 296 CVE  FHM**

**Complaint**

Comes now Mark Andres Green ("Green") with this Complaint filed against

**Pershing, LLC, a foreign Limited Liability Company.**

Green reserves the right to Amend this Complaint.

Green demands a Trial by Jury of his Peers.

### I. Jurisdiction

a.    Jurisdiction arises United States District Court ("USDC"), Northern

District of Oklahoma as the Green is domiciled in Tulsa County, wherein the Venue of

Tulsa County is within the territorial boundaries of this USDC.

b.    Jurisdiction arises under 28 U.S.C. § 1331 as said original jurisdiction is a

civil actions under the Federal Constitution and Statutes of the United States.

c.    Jurisdiction arises also in conjunction with 28 U.S.C. § 1331 under 5

U.S.C. § 706 including but not limited to actions of agencies (the IRS), which are

arbitrary, capricious, abuse of discretion and not according to law.



d.      Jurisdiction arises under the Statutes of the United States in Volume 68 approved August 16, 1954, which this Court shall take judicial Notice thereof.

e.      Jurisdiction arises under the Federal Register Act of 1935 (49 Stat. 500-503 today codified in 44 U.S.C. Sections 1501-1511), which this Court shall take judicial Notice thereof.

f.      Jurisdiction arises under the Administrative Procedures Act of 1946 (60 Stat. 237-244 today codified in 5 U.S.C. Chapters 5-9), which this Court shall take judicial Notice thereof.

g.      Jurisdiction arises under specifically also "49 Stat. 501 Sec. 6 -  "The committee shall prescribe, with the approval of the President, regulations for carrying out the provisions of this Act."", which this Court shall take judicial Notice thereof.

i.      Jurisdiction includes the publications in the Federal Register, *i.e.*, 49 Stat. 502 Sec. 7 "The contents of the Federal Register Shall be judicially noticed and, without prejudice to any other mode of citation, many be cited by volume and page number."; 44 U.S.C. § 1507.", which this Court shall take judicial Notice thereof.

j.      Jurisdiction includes the publications of the "committee" mandated by Congress in  49 Stat. 502 Sec. 7, *supra*, which is found in 1 CFR § 1.1—22.7 currently today with said Federal Register Publications in support thereof said CFRs, which this Court shall take judicial Notice thereof.

k.      Jurisdiction includes this Court taking Judicial Notice of S. Rept. 752, 79th Cong. 1st Sess. (1945), reprinted in the Administrative Procedure Act Legislative History,

1944-1946 (1946) explaining the Provisions governing the scope of judicial Review[1] by the Courts including invoking 5 U.S.C. § 706 especially § 706(2)(A) agency adjudications that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.[2]"

l.      Jurisdiction includes this Court taking Judicial Notice of the Congressional Record of Volume 92 Part 2 of the 79th Congress second Session of March 12, 1946 Senate pages 2148-2231 ("92 Pt. 2. Cong. Rec. Sen. 2148-2231").

m.      Jurisdiction includes this Court taking Judicial Notice of the Congressional Record of Volume 92 Part 5 of the 79th Congress second Session of May 24, 1946 House of Representatives pages 5645-5668 ("92 Pt. 5. Cong. Rec. Rep. 5645-5668").

n.      Jurisdiction includes 1 CFR § 21.40[3], which this court shall take judicial notice thereof[4] "**§ 21.40 General requirements: Authority citations.** Each section in a document subject to codification must include, or be covered by, a **complete citation of the authority** under which the section is issued, including - (a) **General or specific authority delegated by statute**."

---

[1] *Commissioner of Internal Revenue v. Neal*, 557 F.3d 1262 (11th Cir. 2009).

[2] S. Rept. 752, 79th Cong. 1st Sess. (1945), reprinted in the Administrative Procedure Act Legislative History, 1944-1946 (1946) including pages 8, 39, 77, 121, 146, 154, 166, 176, 180, 203, 212, 213, 214, 222, 240, 267, 278, 281, 289, 308, 311, 324, 326, 335, 343, 351, 368, 370, 371, 377, 400, 421, 438.

[3] 49 Stat. 501 Sec. 6 -  "The committee shall prescribe, with the approval of the President, regulations for carrying out the provisions of this Act."

[4] 49 Stat. 502 Sec. 7 "The contents of the Federal Register Shall be judicially noticed and, without prejudice to any other mode of citation, many be cited by volume and page number."; 44 U.S.C. § 1507.

o.      Jurisdiction includes 1 CFR § 21.41[5], which this Court shall take judicial Notice of wherein as the IRS is totally responsible for the integrity of citations for regulations as found in "**§ 21.41 Agency responsibility.** (a) Each **issuing agency is responsible for the accuracy and integrity of the citations of authority in the documents it issues**. (b) Each issuing agency shall formally amend the citations of authority in its codified material to reflect any changes therein."

p.      Jurisdiction includes 1 CFR § 21.43[6], which this Court shall take judicial Notice thereof, wherein the Administrative Committee[7] has mandated that all specific grants of statutory authority mandated by Congress shall be placed behind the Table of Contents ("TOC") with each individual specific regulation identified including a full text of the authority citation(s), to wit:

**§ 21.43 Placing and amending authority citations.**

(a) The requirements for placing authority citations vary with the type of amendment the agency is making in a document. The agency shall set out the full text of the authority citation for each part affected by the document.

(1) If a document sets out an entire CFR part, the agency shall place the complete authority citation directly after the table of contents and before the regulatory text.

q.      Jurisdiction includes this Court taking Judicial Notice of the excerpt of United States Code Congressional and Administrative News, 83rd Congress–Second Session 1954, Volume 3, Senate Committee Report ("*1954 U.S. Code Cong. And Adm.*

---

[5] 49 Stat. 501 Sec. 6 - "The committee shall prescribe, with the approval of the President, regulations for carrying out the provisions of this Act."

[6] 49 Stat. 501 Sec. 6 - "The committee shall prescribe, with the approval of the President, regulations for carrying out the provisions of this Act."

[7] 49 Stat. 501 Sec. 6 - "The committee shall prescribe, with the approval of the President, regulations for carrying out the provisions of this Act."

*News Vol.3*") especially pages 5225-5226, *i.e.,* the detailed technical provisions of H.R. 8300 "A Bill to Revise the Internal Revenue Laws of the United States" that is **part of the 1954 IRS Code,** being **Attachment 1 ("A1").**

r.      Jurisdiction includes this Court taking Judicial Notice of **A1  Pg11-12,** being Section 6331 "This section corresponds to that of that House bill except for the revision noted below and a clerical change. The section continues in effect the provisions of existing law relating to distraint and levy (**see sees. 3690 and 3692 of the present Internal Revenue Code**).

s.      Jurisdiction includes this Court taking Judicial Notice of the 1939 IRS Code on **Distraint** including Sections 3690 and 3692, being **Attachment 2—1939 Code on Distraint Including Sections 3690 and 3692 (§ 3690  through § 3715).**

t.      Jurisdiction includes this Court taking judicial Notice of *United States v. O'Dell*, 160 F.2d 304 (6th Cir. 1947), which has not changed; which succinctly and on-point describes the process of "distraint" including these sections of the 1939 IRS Code––sections 3692, 3710, 3790—*ibid. @ 307*; and, sections 3670, 3671, 3672, 3690, 3692, to wit:

> @307— The property involved here **falls within the classes of property subject to distraint, section 3690,** and is not subject to an attachment or execution; but the record fails to show that levy has been made.
>
> @307-308— Nothing alleged to have been done amounts to a levy, which **requires that the property be brought into legal custody through seizure, actual or constructive, levy being 'an absolute appropriation in law of the property levied upon.'**  *Rio Grande R. Co. v. Gomila*, 132 U.S. 478, 10 S.Ct. 155, 33 L.Ed. 400; In *re Weinger, Bergman & Co., D.C.*, 126 F. 875, 877; *Smith v. Packard*, 7 Cir., 98 F. 793. **Levy is not effected by mere notice**.  *Hollister v. Goodale*, 8 Conn. 332, 21 Am.Dec. 674; *Meyer v. Missouri Glass Co.*, 65 Ark. 286, 45 S.W. 1062, 67 Am.St.Rep. 927; *Jones v. Howard*, 99 Ga. 451, 27 S.E. 765, 59 Am.St.Rep. 231.

[3] Section 3692 does not prescribe any procedure for accomplishing a levy upon a bank account. The method followed in the cases is that of **issuing warrants of distraint**, making the bank a party, and **serving with the notice of levy copy of the warrants of distraint and notice of lien**. Cf. *Commonwealth Bank v. United States,* 6 Cir., 115 F.2d 327; *United States v. Bank of United States*, D.C., 5 F.Supp. 942, 944. **No warrants of distraint were issued here.**

The cases relied on by the Government as supporting recovery under section 3710 __*308__ arise in the main out of situations where a bank has been sued, or joined as a party to an action claiming a bank deposit. No such procedure was followed in this case. Moreover, it does not appear that notice and demand were served upon the person liable to pay the taxes, namely, the Howie Company, in accordance with sections 3670 __and 3690__. This being the case, query, whether the property or rights to property were within the meaning of section 3710 **'subject to distraint,' for under section 3690 the right to collect the taxes by distraint and sale arises only after notice and demand.**

u.       Jurisdiction includes this Court taking Judicial Notice that under 26 U.S.C.

§ 6631 and specifically § 6331(a) limiting the "notice of levy" to the "employer" as

defined in 3401(d) "of such **officer, employee, or elected official**," of "**accrued salary**

**and wages**", to wit:

Levy may be made upon the **accrued salary or wages** of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a **notice of levy** on the **employer (as defined in section 3401(d)) of such officer, employee, or elected official**.

v.       Jurisdiction includes this Court taking Judicial Notice that under 26 U.S.C.

§ 3401 and specifically § 3401(d) " **(d) Employer.--For purposes of this chapter**, the

term **"employer"** means the **person** for whom an individual performs or performed any

service, of whatever nature, as the employee of such person,." This Court shall take

judicial Notice that the Code Sections 26 U.S.C. sections 3401-3406 are under "subtitle

C" and not under Individual Income Taxes of "substitle A."

w.       Jurisdiction includes this Court taking Judicial Notice of *House Report*

*No. 1337, pg. 408-409* in accord with *1954 U.S. Code Cong. And Adm. News Vol.3.*

    x.      Jurisdiction includes this Court taking Judicial Notice of *1954 U.S. Code Cong. And Adm. News Vol.3.* pages 4555-4556.

    y.      Jurisdiction includes this Court taking Judicial Notice of *Conference Report 2543* of July 26, 1954 [to accompany H.R. 8300].

## II. Parties

    a.      **Mark Andres Green** is a "citizen of the United States of America," American citizen, citizen of Oklahoma and an Oklahoman[8].

    a1.      Mark Andres Green is domiciled in Tulsa County.

    b.      **Pershing, LLC ("Pershing")** is an entity licensed to do business in Oklahoma as evidenced by **Attachment 3—Certificate of Good Standing by the Office of the Secretary of State, State of Oklahoma ("A3")**, which this Court shall take judicial Notice thereof.

    b1.      Pershing a "Foreign Limited Liability Company" as evidenced by **A3**.

    b2.      Pershing has a registered office/agent at "Corporation Service Company" located at "115 SW 89th Street, Oklahoma City, Oklahoma 73139.

## III. Facts.

    a.      **Pershing** did receive a "Notice of Levy" from the IRS dated January 25, 2010 as evidenced in the Letter dated January 26, 2010 addressed to Mark A. Green concerning Green's IRA Account Numbers: 5NX-490598, Account Broker: Next

---

[8] Government Style Manual 5.22—in designating the natives of the several States, the following forms will be used.

Financial Group Inc. as evidenced by **Attachment 4—Letter from Pershing ("A4")**, which this Court shall take judicial Notice.

      b.      **Pershing** specifically did not acknowledge of any Distraint Warrant or Warrant of Distraint being received from the IRS in the Letter (**A4**).

      c.      A letter from "NEXT" was mailed according to **Attachment 5—Letter from NEXT ("A5")** on May 18th, 2010, which Green received on May 22nd, 2010, which this Court shall take judicial Notice thereof.

      c.      In **A5, NEXT** states that "Pershing LLC as Custodian" did via a Third Party Check issue a check to the "United States Treasury, FBO Mark A. Green" for the amount of $113,457.83 for the reason noted as "Premature."

      d.      All of the funds totaling $113,457.83 belonging exclusively to Green as deposited in the IRA.

      e.      Green did Notice Pershing and NEXT to not forward any funds from Green's IRA to the IRS as they were in accord with the Federal Constitution, Statues of the United States and the publications in the Federal Register.

      f.      The IRS was not "wages or salary" as mandated by 26 U.S.C. § 6331(a).

      g.      The IRA is covered as "rights to property" or "property."

### IV. Causes of Action

### FIRST CAUSE OF ACTION

Green repleads facts and allegations contained in Articles I though III and alleges that Pershing did not have any "Warrant of Distraint" or "Distraint Warrant" from the IRS.

### SECOND CAUSE OF ACTION

Green repleads all the facts and allegations in the Second Cause of Action and alleges Pershing had no authority to issue any check to the Department of Treasury in the amount of $113,457.83 as evidenced by **A5.**

### THIRD CAUSE OF ACTION

Green repleads all the facts and allegations in the Second Cause of Action and alleges Pershing had no authority under the Statutes of the United States, the 1939 Code, "substantive regulations" published in the Federal Register or the 1954 Code to issue any check to the Department of Treasury in the amount of $113,457.83 of Green's property, *i.e.*, the IRA funds.

### FOURTH CAUSE OF ACTION

Green repleads all the facts and allegations in the Third Cause of Action and alleges Pershing was required by to have both a "Notice of Levy" and a "Warrant of Distraint" from the IRS to forward any funds (property of Green's) to the Department of Treasury or the IRS.

### FIFTH CAUSE OF ACTION

Green repleads all the facts and allegations in the Fourth Cause of Action and alleges Pershing had no authority to issue a check to the Department of Treasury without an ORDER from an court of competent jurisdiction concerning Green's property and rights to property.

### SIXTH CAUSE OF ACTION

Green repleads all the facts and allegations in the Fifth Cause of Action and alleges Pershing's the Notice of Levy by the IRS was in violation of 5 U.S.C. § 706.

### SEVENTH CAUSE OF ACTION

Green repleads all the facts and allegations in the Sixth Cause of Action and alleges Pershing has a duty to validate any Notice of Levy to see if it has the "force and effect of law" in accord with the Statutes of the United States, the 1939 Code, the 1954 Code and the publications in the Federal Register for Part 1 Individual Income Taxes mandating before Pershing forwards the "property" of Green to the Department of Treasury.

### V. Damages REMEDY

**WHEREFORE,** Green seeks and prays for judgment and damages as follows:

    A.    Actual damages in the amount of $113, 457.83 plus interest.

    B.    General damages in the amount to be determined later; and,

    C.    Compensatory Damages in the amount to be determined later; and,

    E.    Special Damages in the form of filing fees, mailing, and process fees to be determined later; and,

    F.    Punitive Damages in the sum of one million dollars individually and severally and to be adjusted by jury of my peers for the intentional, willful, wanton, unlawful, illegal and malicious actions of the Defendants; and,

    H.    All other just relief as the Court may deem appropriate.

Signature

*Mark Green*

PO Box 924
Broken Arrow, OK 74013
918-451-1188

Complaint          Page 10 of 11

**Addresses:**

**Corporation Service Company**
Pershing, LLC
115 SW 89th Street
Oklahoma City, Oklahoma 73139
302-636-5454


**United States District Court**
**Northern District of Oklahoma**
**Clerk of Court**
333 West Fourth Room 411
Tulsa, Oklahoma 73103
918-699-4700

# UNITED STATES CODE

## Congressional and Administrative News

### 83rd Congress – Second Session

### 1954

Convened January 6, 1954

House Adjourned August 20, 1954

Senate Adjourned December 2, 1954

## Volume 3

LEGISLATIVE HISTORY

REGULATIONS — COPYRIGHT CONVENTION

TABLES AND INDEX

St. Paul, Minn.

West Publishing Co.

Brooklyn, N. Y.

Edward Thompson Co.

Attachment 1 - page 1 of 12

# Internal Revenue Code
# of 1954

---

## Senate Committee Report

|  | Page |
| --- | --- |
| Finance Committee Report | 4623 |
| Detailed Discussion of Technical Provisions of the Bill | 4785 |

This Report was prepared by the Senate Finance Committee to accompany H.R. 8300 "A Bill to Revise the Internal Revenue Laws of the United States". It is being supplied you, herewith, in advance of the Bill, so that United States Code Congressional and Administrative News readers may acquaint themselves with the proposed changes in the Revenue Laws

The House Ways and Means Committee Report was published in the U. S. Code Congressional and Administrative News April 5, 1954. The Conference Report, and the text of the Bill as finally approved will be supplied promptly as they become available.

# DETAILED DISCUSSION OF THE
# TECHNICAL PROVISIONS OF THE BILL

### TABLE OF CONTENTS

SUBTITLE A—INCOME TAXES

**Chapter**

1. Normal Taxes and Surtaxes.

   **Subchapter**

   | | | Section | Page |
   |---|---|---|---|
   | A. | Determination of tax liability. | | |
   | | **Part** | | |
   | I. | Tax on individuals | 1 | 4793 |
   | II. | Tax on corporations | 11 | 4794 |
   | III. | Changes in rates during a taxable year | 21 | 4795 |
   | IV. | Credits against tax | 31 | 4795 |
   | B. | Computation of taxable income. | | |
   | I. | Definition of gross income, adjusted gross income, and taxable income | 61 | 4802 |
   | II. | Items specifically included in gross income | 71 | 4805 |
   | III. | Items specifically excluded from gross income | 101 | 4814 |
   | IV. | Standard deduction for individuals | 141 | 4826 |
   | V. | Deductions for personal exemptions | 151 | 4827 |
   | VI. | Itemized deductions for individuals and corporations | 161 | 4830 |
   | VII. | Additional itemized deductions for individuals | 211 | 4854 |
   | VIII. | Special deductions for corporations | 241 | 4858 |
   | IX. | Items not deductible | 261 | 4861 |
   | C. | Corporate distributions and adjustments. | | |
   | I. | Distributions by corporations | 301 | 4867 |
   | II. | Corporate liquidations | 331 | 4891 |
   | III. | Corporate organizations, acquisitions and separations | 351 | 4900 |
   | IV. | Insolvency reorganizations | 371 | 4913 |
   | V. | Carryovers | 381 | 4914 |
   | VI. | Effective date of subchapter | 391 | 4925 |
   | D. | Deferred compensation, etc. | | |
   | I. | Pension, profit-sharing, stock bonus plans, etc. | 401 | 4928 |
   | II. | Miscellaneous provisions | 421 | 4932 |
   | E. | Accounting periods and methods of accounting. | | |
   | I. | Accounting periods | 441 | 4937 |
   | II. | Methods of accounting | 446 | 4939 |
   | III. | Adjustments | 481 | 4947 |
   | F. | Exempt organizations. | | |
   | I. | General rule | 501 | 4950 |
   | II. | Taxation of business income of certain exempt organizations | 511 | 4951 |

## DETAILED DISCUSSION

### SUBTITLE A—INCOME TAXES—Continued

**Chapter**

1. Normal Taxes and Surtaxes—Continued

   **Subchapter**

   F. Exempt organizations.—Continued

   | Part | | Section | Page |
   |---|---|---|---|
   | III. | Farmers' cooperatives | 521 | 4954 |
   | IV. | Shipowners' protection and indemnity associations | 526 | 4954 |

   G. Corporations used to avoid income tax on shareholders.

   | | | | |
   |---|---|---|---|
   | I. | Corporations improperly accumulating surplus | 531 | 4954 |
   | II. | Personal holding companies | 541 | 4958 |
   | III. | Foreign personal holding companies | 551 | 4963 |
   | IV. | Deduction for dividends paid | 561 | 4965 |

   H. Banking institutions.

   | | | | |
   |---|---|---|---|
   | I. | Rules of general application to banking institutions | 581 | 4968 |
   | II. | Mutual savings banks, etc. | 591 | 4969 |
   | III. | Bank affiliates | 601 | 4969 |

   I. Natural resources.

   | | | | |
   |---|---|---|---|
   | I. | Deductions | 611 | 4970 |
   | II. | Exclusions from gross income | 621 | 4978 |
   | III. | Sales and exchanges | 631 | 4978 |

   J. Estates, trusts, beneficiaries, and decedents.

   | | | | |
   |---|---|---|---|
   | I. | Estates, trusts, and beneficiaries | 641 | 4979 |
   | II. | Income in respect of decedents | 691 | 5014 |

   K. Partners and partnerships.

   | | | | |
   |---|---|---|---|
   | I. | Determination of tax liability | 701 | 5018 |
   | II. | Contributions, distributions, and transfers | 721 | 5030 |
   | III. | Definitions | 761 | 5049 |
   | IV. | Effective date for subchapter | 771 | 5050 |

   L. Insurance companies.

   | | | | |
   |---|---|---|---|
   | I. | Life insurance companies | 801 | 5051 |
   | II. | Mutual insurance companies (other than life or marine or fire insurance companies issuing perpetual policies) | 821 | 5052 |
   | III. | Other insurance companies | 831 | 5053 |
   | IV. | Provisions of general application | 841 | 5053 |

   M. Regulated investment companies | 851 | 5053 |

   N. Tax based on income from sources within or without the United States.

   | | | | |
   |---|---|---|---|
   | I. | Determination of sources of income | 861 | 5058 |
   | II. | Nonresident aliens and foreign corporations | 871 | 5059 |
   | III. | Income from sources without the United States | 901 | 5061 |

# TABLE OF CONTENTS

## SUBTITLE A—INCOME TAXES—Continued

**Chapter**
1. Normal Taxes and Surtaxes—Continued
   **Subchapter**
   O. Gain or loss on disposition of property.

|  |  | Section | Page |
|--|--|---------|------|
| **Part** | | | |
| I. | Determination of amount of and recognition of gain or loss | 1001 | 5065 |
| II. | Basis rules of general application | 1011 | 5065 |
| III. | Common nontaxable exchanges | 1031 | 5069 |
| IV. | Special rules | 1051 | 5072 |
| V. | Changes to effectuate FCC Policy | 1071 | 5072 |
| VI. | Exchanges in obedience to SEC orders | 1081 | 5073 |
| VII. | Wash sales of stock or securities | 1091 | 5073 |

   P. Capital gains and losses.

| I. | Treatment of capital gains | 1201 | 5073 |
|----|----------------------------|------|------|
| II. | Treatment of capital losses | 1211 | 5074 |
| III. | General rules for determining capital gains and losses | 1221 | 5074 |
| IV. | Special rules for determining capital gains and losses | 1231 | 5076 |

   Q. Readjustment of tax between years and special limitations.

| I. | Income attributable to several taxable years | 1301 | 5088 |
|----|------------------------------|------|------|
| II. | Mitigation of effect of limitations and other provisions | 1311 | 5090 |
| III. | Involuntary liquidation and replacement of LIFO inventories | 1321 | 5094 |
| IV. | War loss recoveries | 1331 | 5094 |
| V. | Claim of right | 1341 | 5095 |
| VI. | Other limitations | 1346 | 5096 |

   R. Election of corporations, proprietorships, and partnerships as to taxable status.

| I. | Alternative taxable status of certain corporations | 1351 | 5096 |
|----|------------------------------|------|------|
| II. | Alternative taxable status of certain proprietorships and partnerships | 1361 | 5099 |

2. Tax on Self-Employment Income — 1401 — 5102

3. Withholding of Tax on Nonresident Aliens and Foreign Corporations and Tax-Free Covenant Bonds.

| A. | Nonresident aliens and foreign corporations | 1441 | 5102 |
|----|------------------------------|------|------|
| B. | Tax-free covenant bonds | 1451 | 5103 |
| C. | Application of withholding provisions | 1461 | 5103 |

4. Rules Applicable to Recovery of Excessive Profits on Government Contracts.

| A. | Recovery of excessive profits on government contracts | 1471 | 5103 |
|----|------------------------------|------|------|
| B. | Mitigation of effect of renegotiation of government contracts | 1481 | 5103 |

**4787**   Attachment 1 - page 5 of 12

# DETAILED DISCUSSION

## SUBTITLE A—INCOME TAXES—Continued

Chapter                                           Section    Page

5.   Tax on Transfers to Avoid Income Tax ----------- 1491    5103

6.   Consolidated Returns.
     Subchapter
     A.   Returns and payment of tax ----------------- 1501    5104
     B.   Related rules -------------------------------- 1551    5105

## SUBTITLE B—ESTATE AND GIFT TAXES

11.   Estate Tax.
     A.   Estates of citizens or residents.
         Part
         I.    Tax imposed ----------------------------- 2001    5105
         II.   Credits against tax --------------------- 2011    5106
         III.  Gross estate --------------------------- 2031    5112
         IV.   Taxable estate ------------------------- 2051    5117
     B.   Estates of nonresidents not citizens ----------- 2101    5120
     C.   Miscellaneous ------------------------------- 2201    5121

12.   Gift Tax.
     A.   Determination of tax liability --------------- 2501    5122
     B.   Transfers ----------------------------------- 2511    5123
     C.   Deductions --------------------------------- 2521    5125

## SUBTITLE C—EMPLOYMENT TAXES

C—Employment taxes ------------------------ 3101    5126

## SUBTITLE D—MISCELLANEOUS EXCISE TAXES

D—Miscellaneous excise taxes -------------------- 4001    5127

## SUBTITLE E—ALCOHOL, TOBACCO AND CERTAIN OTHER EXCISE TAXES

51.   Distilled Spirits, Wines and Beer.
     A.   Gallonage and occupational taxes.
         I.    Gallonage taxes ------------------------- 5001    5129
         II.   Occupational tax ----------------------- 5081    5143
     B.   Distilleries.
         I.    Establishment -------------------------- 5171    5150
         II.   Operations ----------------------------- 5191    5154
         III.  General provisions relating to distilleries
             and distilled spirits ----------------- 5211    5159
     C.   Internal revenue bonded warehouses.
         I.    Establishment -------------------------- 5231    5161
         II.   Operations ----------------------------- 5241    5163
     D.   Rectifying plants.
         I.    Establishment -------------------------- 5271    5167
         II.   Operation ------------------------------ 5281    5168

## TABLE OF CONTENTS

SUBTITLE E—ALCOHOL, TOBACCO AND CERTAIN
OTHER EXCISE TAXES—Continued

**Chapter**

**51.** Distilled Spirits, Wines and Beer—Continued.

**Subchapter**

| | | Section | Page |
|---|---|---|---|
| **E.** | Industrial alcohol plants, bonded warehouses, denaturing plants, and denaturation. | | |
| **Part** | | | |
| I. | Industrial alcohol plants, bonded warehouses, and denaturing plants | 5301 | 5169 |
| II. | Denaturation | 5331 | 5172 |
| **F.** | Bonded and taxpaid wine premises. | | |
| I. | Establishment | 5351 | 5173 |
| II. | Operations | 5361 | 5175 |
| III. | Cellar treatment and classification of wines | 5381 | 5179 |
| IV. | General | 5391 | 5183 |
| **G.** | Breweries. | | |
| I. | Establishment | 5401 | 5184 |
| II. | Operations | 5411 | 5185 |
| **H.** | Miscellaneous plants and warehouses. | | |
| I. | Vinegar factories | 5501 | 5186 |
| II. | Volatile fruit-flavor concentrate plants | 5511 | 5186 |
| III. | Manufacturing bonded warehouses | 5521 | 5186 |
| **I.** | Miscellaneous general provisions | 5551 | 5187 |
| **J.** | Penalties, seizures, and forfeitures relating to liquors. | | |
| I. | Penalty, seizure, and forfeiture provisions applicable to distilling, rectifying, and distilled and rectified products | 5601 | 5189 |
| II. | Penalty and forfeiture provisions applicable to wine and wine production | 5661 | 5194 |
| III. | Penalty, seizure, and forfeiture provisions applicable to beer and brewing | 5671 | 5195 |
| IV. | Penalty, seizure, and forfeiture provisions common to liquors | 5681 | 5195 |
| V. | Penalties and forfeitures applicable to occupational taxes | 5691 | 5197 |
| **52.** | Tobacco, Cigars, Cigarettes, and Cigarette Papers and Tubes. | | |
| A. | Definitions; rate and payment of tax; exemption from tax; refund and drawback of tax; and redemption of stamps | 5701 | 5198 |
| B. | Qualification requirements for manufacturers of articles and dealers in tobacco materials | 5711 | 5202 |
| C. | Operations by manufacturers of articles | 5721 | 5203 |
| D. | Operations by dealers in tobacco materials | 5731 | 5204 |
| E. | Records of manufacturers of articles and dealers in tobacco materials | 5741 | 5204 |

**4789**

# DETAILED DISCUSSION

## SUBTITLE E—ALCOHOL, TOBACCO AND CERTAIN OTHER EXCISE TAXES—Continued

**Chapter**

52. Tobacco, Cigars, Cigarettes, and Cigarette Papers and Tubes—Continued.

| Subchapter | Section | Page |
|---|---|---|
| F.   General provisions | 5751 | 5204 |
| G.   Fines, penalties, and forfeitures | 5761 | 5205 |

53. Machine Guns and Certain Other Firearms.
A.   Taxes.

**Part**

| | Section | Page |
|---|---|---|
| I.   Special (occupational) taxes | 5801 | 5206 |
| II.   Transfer tax | 5811 | 5207 |
| III.   Tax on making firearms | 5821 | 5208 |
| IV.   Other taxes | 5831 | 5208 |
| B.   General provisions | 5841 | 5208 |
| C.   Unlawful acts | 5851 | 5209 |
| D.   Penalties and forfeitures | 5861 | 5210 |

## SUBTITLE F—PROCEDURE AND ADMINISTRATION

61. Information and Returns.
A.   Returns and records.

| | Section | Page |
|---|---|---|
| I.   Records, statements, and special returns | 6001 | 5210 |
| II.   Tax returns, or statements | 6011 | 5210 |
| III.   Information returns | 6031 | 5213 |
| IV.   Signing and verifying of returns and other documents | 6061 | 5215 |
| V.   Time for filing returns and other documents | 6071 | 5215 |
| VI.   Extension of time for filing returns | 6081 | 5217 |
| VII.   Place for filing returns or other documents | 6091 | 5217 |
| B.   Miscellaneous provisions | 6101 | 5217 |

62. Time and Place for Paying Tax.

| | Section | Page |
|---|---|---|
| A.   Place and due date for payment of tax | 6151 | 5218 |
| B.   Extensions of time for payment | 6161 | 5218 |

63. Assessment.

| | Section | Page |
|---|---|---|
| A.   In general | 6201 | 5221 |
| B.   Deficiency procedures in the case of income, estate, and gift taxes | 6211 | 5223 |

64. Collection.

| | Section | Page |
|---|---|---|
| A.   General provisions | 6301 | 5223 |
| B.   Receipt of payment | 6311 | 5223 |
| C.   Lien for taxes | 6321 | 5224 |
| D.   Seizure of property for collection of taxes | 6331 | 5225 |

65. Abatements, Credits and Refunds.

| | Section | Page |
|---|---|---|
| A.   Procedure in general | 6401 | 5230 |
| B.   Rules of special application | 6411 | 5231 |

**4790**

# TABLE OF CONTENTS

## SUBTITLE F—PROCEDURE AND ADMINISTRATION—
### Continued

**Chapter**

| | | Section | Page |
|---|---|---|---|
| 66. | Limitations. | | |
| | **Subchapter** | | |
| | A.   Limitations on assessment and collection | 6501 | 5232 |
| | B.   Limitations on credit or refund | 6511 | 5235 |
| | C.   Mitigation of effect of period of limitations | 6521 | 5236 |
| | D.   Periods of limitation in judicial proceedings | 6531 | 5236 |
| 67. | Interest. | | |
| | A.   Interest on underpayments | 6601 | 5238 |
| | B.   Interest on overpayments | 6611 | 5239 |
| 68. | Additions to the Tax, Additional Amounts, and Assessable Penalties. | | |
| | A.   Additions to the tax and additional amounts | 6651 | 5240 |
| | B.   Assessable penalties | 6671 | 5245 |
| 69. | General Provisions Relating to Stamps | 6801 | 5246 |
| 70. | Jeopardy, Bankruptcy and Receiverships. | | |
| | A.   Jeopardy. | | |
| | **Part** | | |
| | I.   Termination of taxable year | 6851 | 5246 |
| | II.   Jeopardy assessments | 6861 | 5247 |
| | B.   Bankruptcy and receiverships | 6871 | 5248 |
| 71. | Transferees and Fiduciaries | 6901 | 5248 |
| 72. | Licensing and Registration. | | |
| | A.   Licensing | 7001 | 5249 |
| | B.   Registration | 7011 | 5250 |
| 73. | Bonds | 7101 | 5250 |
| 74. | Closing Agreements and Compromises | 7121 | 5250 |
| 75. | Crimes, Other Offenses, and Forfeitures. | | |
| | A.   Crimes. | | |
| | I.   General provisions | 7201 | 5251 |
| | II.   Penalties applicable to certain taxes | 7231 | 5255 |
| | B.   Other offenses | 7261 | 5256 |
| | C.   Forfeitures. | | |
| | I.   Property subject to forfeiture | 7301 | 5258 |
| | II.   Provisions common to forfeitures | 7321 | 5258 |
| | D.   Miscellaneous penalty and forfeiture provisions | 7341 | 5259 |
| 76. | Judicial Proceedings. | | |
| | A.   Civil actions by the United States | 7401 | 5260 |
| | B.   Proceedings by taxpayers | 7421 | 5260 |
| | C.   The tax court. | | |
| | I.   Organization and jurisdiction | 7441 | 5262 |
| | II.   Procedure | 7451 | 5262 |
| | III.   Miscellaneous provisions | 7471 | 5264 |
| | D.   Court review of tax court decisions | 7481 | 5264 |
| | E.   Miscellaneous provisions | 7491 | 5265 |

**4791**   Attachment 1 - page 9 of 12

# DETAILED DISCUSSION

## SUBTITLE F—PROCEDURE AND ADMINISTRATION—
### Continued

| Chapter | | Section | Page |
|---|---|---|---|
| 77. | Miscellaneous Provisions ------------------------ | 7501 | 5266 |
| 78. | Discovery of Liability and Enforcement of Title. | | |
| | **Subchapter** | | |
| | A.  Examination and inspection ------------------ | 7601 | 5267 |
| | B.  General powers and duties -------------------- | 7621 | 5268 |
| | C.  Supervision of operations of certain manufac- | | |
| |       turers ------------------------------------- | 7641 | 5268 |
| | D.  Possessions ---------------------------------- | 7651 | 5269 |
| 79. | Definitions -------------------------------------- | 7701 | 5270 |
| 80. | General Rules. | | |
| | A.  Application of internal revenue laws -------- | 7801 | 5271 |
| | B.  Effective date and related provisions --------- | 7851 | 5273 |

## SUBTITLE G—THE JOINT COMMITTEE ON INTERNAL REVENUE TAXATION

G—The Joint Committee on Internal Revenue Taxation -- 5279

## SENATE REPORT—DETAILED DISCUSSION OF BILL

Subsection (c) of this section as redesignated by your committee is in all material respects the same as existing law.

Subsection (d) of this section as redesignated by your committee makes it clear that the Secretary may, after a notice of lien has been filed (and such notice discloses the amount of the outstanding liability as of the time of filing), disclose the extent to which the original obligation has been reduced by subsequent payments. This is necessary for the protection of persons dealing with property subject to the lien who have a legitimate interest in determining the amount of the outstanding obligation, as well as to aid reestablishment of the taxpayer's credit.

### § 6324. Special liens for estate and gift taxes

This section corresponds to that of the House bill except for a conforming change.

With certain exceptions this section continues in effect the provisions of existing law with respect to personal liability and the liens for estate and gift taxes. Provisions of present law imposing personal liability for the taxes have been continued, except that a trustee of an employee's trust which meets the requirements of section 401(a) is relieved of personal liability for the estate tax. Present law regarding the divestment of the estate and gift tax liens has been broadened to include transfers of property to a bona fide mortgagee or pledgee for adequate and full consideration, including transfers by transferees of a transferee. In addition, existing law has been modified to provide that the estate or gift tax lien shall not be valid as against a purchaser, mortgagee, or pledgee of a security (as defined in section 6323(c) (2)) for full and adequate consideration and without notice or knowledge of the existence of such lien.

### § 6325. Release of lien or partial discharge of property

This section corresponds to that of the House bill except for a technical change. The section in the House bill contained no material change from existing law. Your committee revised subsection (b) (2) of the House bill to include an express provision that if the Secretary determines that the interest of the United States in a particular piece of property subject to lien is valueless, he may issue a certificate discharging such property from the lien.

### § 6326. Cross references

This section, which is identical with that of the House bill, contains references to general provisions of law relating to liens and bankruptcy proceedings.

### § 6331. Levy and distraint

This section corresponds to that of the House bill except for the revision noted below and a clerical change. The section continues in effect the provisions of existing law relating to distraint and levy (see secs. 3690 and 3692 of the present Internal Revenue Code).

Your committee has clarified the provisions of the House bill by expressly providing that accrued salary or wages of any officer, employee, or elected official of the United States or the District of Columbia, or of any agency or instrumentality thereof, may be levied upon by serving a notice of

## INTERNAL REVENUE CODE OF 1954

levy on the employer (as defined in sec. 3401(d)) of such officer, employee, or elected official. The change in this section makes unnecessary the change from existing law in the definition of "person" in section 6332(c) of the House bill, and accordingly that section has been amended to restore the definition of "person" contained in section 3710(c) of the 1939 code. The provisions as to levy on salaries of Government employees are the same as those applicable to any other delinquent taxpayer.

The section retains the rule of present law which permits seizure immediately after notice and demand in the case of jeopardy, and in cases not involving jeopardy permits seizure only after the expiration of the 10-day period following the issuance of notice and demand. However, existing law provides for immediate seizure only with respect to taxes other than income, estate, and gift taxes. The section changes present law with respect to jeopardy cases by permitting seizure immediately after notice and demand in the case of all taxes, including income, estate, and gift taxes.

Existing law requires that levy proceedings must be carried on against personal property and then used against real property. Under this section real property may be levied upon without first proceeding against personal property.

### § 6332. Surrender of property subject to levy

This section corresponds to that of the House bill except for a conforming change required by the amendment to section 6331.

### § 6333. Production of books

This section, which is identical with that of the House bill, contains no material change from existing law.

### § 6334. Property exempt from levy

This section corresponds to that of the House bill except that arms for personal use, livestock, and poultry are enumerated in the second exemption from levy among the items applicable to the head of the household.

This section is a modernization of existing law with respect to property exempt from levy. The first exemption covers wearing apparel and school-books necessary for the taxpayer or for members of his household. No specific value limitation is imposed with respect to this item since the intent is to prevent seizing the ordinary clothing of the taxpayer or members of his household. The section is not intended to exempt from seizure expensive furs and similar items which are luxuries and not necessities. The second exemption from levy is applicable only in the case of the head of a household, and applies to only so much of the fuel, provisions, furniture, arms for personal use, livestock, poultry, and personal effects, used by the household, as does not exceed $500 in value. The third item in the enumeration is for so many of the books and tools necessary for the trade, business, or profession of the taxpayer as does not exceed in the aggregate $250 in value.

This section provides that the officer making the seizure shall appraise and set aside to the owner the property declared exempt, and, if the taxpayer objects to such valuation at the time of the seizure, the officer making the levy shall summon three disinterested individuals to make the valuation.

**5226**

# UNITED STATES
# STATUTES AT LARGE

CONTAINING THE

## LAWS AND CONCURRENT RESOLUTIONS
ENACTED DURING THE FIRST SESSION OF THE
SEVENTY-SIXTH CONGRESS
OF THE UNITED STATES OF AMERICA

# 1939

AND

## TREATIES, INTERNATIONAL AGREEMENTS OTHER
THAN TREATIES, AND PROCLAMATIONS

COMPILED, EDITED, INDEXED, AND PUBLISHED BY AUTHORITY OF LAW
UNDER THE DIRECTION OF THE SECRETARY OF STATE

## VOLUME 53

### PART 1

## INTERNAL REVENUE CODE

APPROVED FEBRUARY 10, 1939



UNITED STATES
GOVERNMENT PRINTING OFFICE
WASHINGTON : 1939

COLLECTION 451

such written request, such person or purchaser may, after giving notice to the Commissioner, file a petition in the district court of the United States for the district in which the real estate is located, praying leave to file a civil action for a final determination of all claims to or liens upon the real estate in question.

(3) COURT ORDER.—After a full hearing in open court, the district court may in its discretion enter an order granting leave to file such civil action, in which the United States and all persons having liens upon or claiming any interest in the real estate shall be made parties.

(b) SERVICE ON UNITED STATES.—Service on the United States shall be had in the manner provided by sections 5 and 6 of the Act of March 3, 1887, entitled "An Act to provide for the bringing of suits against the Government of the United States", c. 359, 24 Stat. 506 (U. S. C., Title 28, §§ 762, 763), as amended.

(c) ADJUDICATION.—Upon the filing of such civil action the district court shall proceed to adjudicate the matters involved therein, in the same manner as in the case of civil actions filed under section 3678. For the purpose of such adjudication, the assessment of the tax upon which the lien of the United States is based shall be conclusively presumed to be valid.

(d) COSTS.—All costs of the proceedings on the petition and the civil action shall be borne by the person filing the civil action.

**SEC. 3680. CROSS REFERENCES.**

For lien in case of —

Estate tax, see section 827.

Tax on distilled spirits, see section 2800 (e).

For provisions permitting the United States to be made party defendant in a proceeding in a State court for the foreclosure of a lien upon real estate where the United States may have a claim upon the premises involved, see Act of March 4, 1931, c. 515, 46 Stat. 1528 (U. S. C., Title 28, §§ 901-906).

**SUBCHAPTER C—DISTRAINT**
**PART I—DISTRAINT ON PERSONAL PROPERTY**

**SEC. 3690. AUTHORITY TO DISTRAIN.**

If any person liable to pay any taxes neglects or refuses to pay the same within ten days after notice and demand, it shall be lawful for the collector or his deputy to collect the said taxes, with such interest and other additional amounts as are required by law, by distraint and sale, in the manner provided in this subchapter, of the goods, chattels, or effects, including stocks, securities, bank accounts, and evidences of debt, of the person delinquent as aforesaid.

**SEC. 3691. PROPERTY EXEMPT FROM DISTRAINT.**

(a) ENUMERATION.—There shall be exempt from distraint and sale, if belonging to the head of a family —

(1) SCHOOL BOOKS AND WEARING APPAREL.—The school books and wearing apparel necessary for such family; also

(2) ARMS.—Arms for personal use;

(3) LIVESTOCK.—One cow, 2 hogs, 5 sheep and the wool thereof, provided the aggregate market value of said sheep shall not exceed $50;

(4) FODDER.—The necessary food for such cow, hogs, and sheep, for a period not exceeding thirty days;

(5) FUEL.—Fuel to an amount not greater in value than $25;

(6) PROVISIONS.—Provisions to an amount not greater than $50;

(7) HOUSEHOLD FURNITURE.—Household furniture kept for use to an amount not greater than $300; and

(8) BOOKS AND TOOLS OF TRADE OR PROFESSION.—The books, tools, or implements, of a trade or profession, to an amount not greater than $100.

Attachment 2 - page 2 of 8

452  **CODIFICATION OF INTERNAL REVENUE LAWS**

(b) APPRAISAL.—The officer making the distraint shall summon three disinterested householders of the vicinity, who shall appraise and set apart to the owner the amount of property herein declared to be exempt.

**SEC. 3692. LEVY.**

In case of neglect or refusal under section 3690, the collector may levy, or by warrant may authorize a deputy collector to levy, upon all property and rights to property, except such as are exempt by the preceding section, belonging to such person, or on which the lien provided in section 3670 exists, for the payment of the sum due, with interest and penalty for nonpayment, and also of such further sum as shall be sufficient for the fees, costs, and expenses of such levy.

**SEC. 3693. PROCEEDINGS ON DISTRAINT.**

When distraint is made, as provided in section 3690—

(a) ACCOUNT AND NOTICE TO OWNER.—The officer charged with the collection shall make or cause to be made an account of the goods or effects distrained, a copy of which, signed by the officer making such distraint, shall be left with the owner or possessor of such goods or effects, or at his dwelling or usual place of business, with some person of suitable age and discretion, if any such can be found, with a note of the sum demanded and the time and place of sale; and

(b) PUBLIC NOTICE.—Forthwith cause a notification to be published in some newspaper within the county wherein said distraint is made, if a newspaper is published in said county, or to be publicly posted at the post office, if there be one within five miles nearest to the residence of the person whose property shall be distrained, and in not less than two other public places. Such notice shall specify the articles distrained, and the time and place for the sale thereof.

(c) TIME AND PLACE OF SALE.—The time of sale shall not be less than ten nor more than twenty days from the date of such notification to the owner or possessor of the property and the publication or posting of such notice as provided in subsection (b) and the place proposed for the sale shall not be more than five miles distant from the place of making such distraint.

(d) ADJOURNMENT OF SALE.—Said sale may be adjourned from time to time by said officer, if he deems it advisable, but not for a time to exceed in all thirty days.

**SEC. 3694. PRIORITY OF SPECIFIC TAX LIABILITY ON DISTRAINED PROPERTY.**

When property subject to tax, but upon which the tax has not been paid, is seized upon distraint and sold, the amount of such tax shall, after deducting the expenses of such sale, be first appropriated out of the proceeds thereof to the payment of the tax. And if no assessment of such tax has been made upon such property, the collector shall make a return thereof in the form required by law, and the Commissioner shall assess the tax thereon.

**SEC. 3695. PROPERTY FOR ACCOUNT OF THE UNITED STATES.**

(a) PURCHASE.—When any personal property is advertised for sale under distraint as aforesaid, the officer making the seizure shall proceed to sell such property at a public auction, offering the same at a minimum price, including the expenses of making the levy and of advertising the sale, and if the amount bid for such property at the sale is not equal to the minimum price so fixed, the officer conducting the sale may declare the same to be purchased by him for the United States.

(b) SALE.—The property so purchased may be sold by the collector within whose district the sale was made under such regulations as may be prescribed by the Commissioner, with the approval of the Secretary.

Attachment 2 - page 3 of 8

COLLECTION 453

(c) ACCOUNTING.—The collector shall render to the Commissioner a distinct account of all charges incurred in such sales, and, in case of resale, shall pay into the Treasury the proceeds as provided in section 3971.

**SEC. 3696. REDEMPTION OF PROPERTY.**

In any case of distraint for the payment of taxes, the goods, chattels, or effects so distrained shall be restored to the owner or possessor, if, prior to the sale, payment of the amount due is made to the proper officer charged with the collection, together with the fees and other charges; but in case of nonpayment, the said officer shall proceed to sell the said goods, chattels, or effects at public auction.

**SEC. 3697. CERTIFICATES OF SALE.**

In all cases of sale, as aforesaid, the certificate of such sale—

(a) AS EVIDENCE.—Shall be prima facie evidence of the right of the officer to make such sale, and conclusive evidence of the regularity of his proceedings in making the sale; and

(b) AS CONVEYANCES.—Shall transfer to the purchaser all right, title, and interest of such delinquent in and to the property sold; and

(c) AS AUTHORITY FOR TRANSFER OF CORPORATE STOCK.—Where such property consists of stocks, shall be notice, when received, to any corporation, company, or association of said transfer, and shall be authority to such corporation, company, or association to record the transfer on their books and records in the same manner as if the stocks were transferred or assigned by the party holding the same, in lieu of any original or prior certificates, which shall be void, whether canceled or not; and

(d) AS RECEIPTS.—Where the subject of sale is securities or other evidences of debt, shall be a good and valid receipt to the person holding the same, as against any person holding, or claiming to hold, possession of such securities or other evidences of debt.

**SEC. 3698. CROSS REFERENCES.**

For provisions relating to—

 Production of books, see section 3711.

 Sale of indivisible property, see section 3712.

 Stamps, marks, and brands, see section 3725.

**PART II—Distraint on Real Estate**

**SEC. 3700. AUTHORITY TO DISTRAIN.**

When goods, chattels, or effects sufficient to satisfy the taxes imposed upon any person are not found by the collector or deputy collector, he is authorized to collect the same by seizure and sale of real estate.

**SEC. 3701. PROCEEDINGS ON DISTRAINT.**

(a) NOTICE TO OWNER.—The officer making the seizure mentioned in the preceding section shall give notice to the person whose estate it is proposed to sell by giving him in hand, or leaving at his last or usual place of abode, if he has any such within the collection district where said estate is situated, a notice, in writing, stating what particular estate is to be sold, describing the same with reasonable certainty, and the time when and place where said officer proposes to sell the same.

(b) PUBLIC NOTICE.—The said officer shall also cause a notification to the same effect to be published in some newspaper within the county where such seizure is made, if any such there be, and shall also cause a like notice to be posted at the post office nearest to the estate seized, and in two other public places within the county.

(c) TIME AND PLACE OF SALE.—The time of sale shall not be less than twenty nor more than forty days from the time of giving said notice. The place of said sale shall not be more than five miles distant from the estate seized, except by special order of the Commissioner.

Case 4:12-cv-00296-CVE-fhm   Document 2 Filed in USDC ND/OK on 05/22/12   Page 28 of 34

454 **CODIFICATION OF INTERNAL REVENUE LAWS**

(d) MANNER OF SALE.—At the time and place appointed, the officer making such seizure shall proceed to sell the said estate at public auction, offering the same at a minimum price, including the expense of making such levy, and all charges for advertising. When the real estate so seized consists of several distinct tracts or parcels, the officer making sale thereof shall offer each tract or parcel for sale separately, and shall, if he deem it advisable, apportion the expenses and charges aforesaid to such several tracts or parcels, or to any of them, in estimating the minimum price.

(e) PURCHASERS.—If no person offers for said estate the amount of said minimum price, the officer shall declare the same to be purchased by him for the United States; otherwise the same shall be declared to be sold to the highest bidder.

(f) ADJOURNMENT OF SALE.—The said sale may be adjourned from time to time by said officer for not exceeding thirty days in all, if he shall think it advisable so to do. If the amount bid shall not be then and there paid, the officer shall forthwith proceed to again sell said estate in the same manner.

**SEC. 3702. REDEMPTION OF REAL ESTATE.**

(a) BEFORE SALE.—Any person whose estate may be proceeded against as aforesaid shall have the right to pay the amount due, together with the costs and charges thereon, to the collector or deputy collector at any time prior to the sale thereof, and all further proceedings shall cease from the time of such payment.

(b) AFTER SALE.—

(1) PERIOD.—The owners of any real estate sold as aforesaid, their heirs, executors, or administrators, or any person having any interest therein, or a lien thereon, or any person in their behalf, shall be permitted to redeem the land sold, or any particular tract thereof, at any time within one year after the sale thereof.

(2) PRICE.—The land or tract aforesaid shall be permitted to be redeemed upon payment to the purchaser, or in case he can not be found in the county in which the land to be redeemed is situated, then to the collector of the district in which the land is situated, for the use of the purchaser, his heirs, or assigns, the amount paid by the said purchaser and interest thereon at the rate of 20 per centum per annum.

(c) RECORD.—When any lands sold are redeemed as provided in this section, the collector shall make entry of the fact upon the record mentioned in section 3706, and the said entry shall be evidence of such redemption.

**SEC. 3703. CERTIFICATES OF PURCHASE.**

(a) REAL ESTATE PURCHASED BY THE UNITED STATES.—In case the real estate sold under section 3701 shall be declared to be purchased for the United States, the officer shall immediately transmit a certificate of the purchase to the Commissioner.

(b) REAL ESTATE PURCHASED BY OTHERS.—Upon any sale of real estate, as provided in section 3701, and the payment of the purchase money, the officer making the seizure and sale shall give to the purchaser a certificate of purchase, which shall set forth the real estate purchased, for whose taxes the same was sold, the name of the purchaser, and the price paid therefor.

**SEC. 3704. DEEDS OF SALE.**

(a) REAL ESTATE PURCHASED BY THE UNITED STATES.—In case real estate shall be declared under section 3701 (e) to be purchased for the United States, the officer shall—

(1) EXECUTION.—At the proper time, as provided in subsection (b), execute a deed therefor after its preparation and the endorsement of approval as to its form by the United States district attorney for the district in which the property is situate, and

Attachment 2 - page 5 of 8

COLLECTION 455

(2) RECORD AND TRANSMISSION.—Without delay cause the same to be duly recorded in the proper registry of deeds, and immediately thereafter transmit such deed to the Commissioner.

(b) REAL ESTATE PURCHASED BY OTHERS.—If the said real estate be not redeemed in the manner and within the time provided in section 3702, the said collector or deputy collector shall execute to the said purchaser, upon his surrender of said certificate, a deed of the real estate purchased by him as aforesaid, reciting the facts set forth in said certificate, and in accordance with the laws of the State in which such real estate is situate upon the subject of sales of real estate under execution.

(c) LEGAL EFFECT.—

(1) AS EVIDENCE.—The deed of sale given in pursuance of this section shall be prima facie evidence of the facts therein stated; and

(2) AS CONVEYANCE OF TITLE.—If the proceedings of the officer as set forth have been substantially in accordance with the provisions of law, such deed shall be considered and operate as a conveyance of all the right, title, and interest the party delinquent had in and to the real estate thus sold at the time the lien of the United States attached thereto.

**SEC. 3705. TRANSMISSION OF CERTIFICATES AND DEEDS TO COMMISSIONER.**

All certificates of purchase, and deeds of property purchased by the United States under the internal revenue laws, on sales for taxes, or under executions issued from United States courts, which may be found in the office of any collector, shall be immediately transmitted by such officer to the Commissioner.

**SEC. 3706. RECORDS OF SALE.**

(a) REQUIREMENT.—It shall be the duty of every collector to keep a record of all sales of land made in his collection district, whether by himself or his deputies, or by another collector. And it shall be the duty of every deputy making sale, as aforesaid, to return a statement of all his proceedings to the collector, and to certify the record thereof.

(b) CONTENTS.—The record shall set forth the tax for which any such sale was made, the dates of seizure and sale, the name of the party assessed and all proceedings in making said sale, the amount of fees and expenses, the name of the purchaser, and the date of the deed.

(c) CERTIFICATION.—The said record shall be certified by the officer making the sale.

(d) COPY TO COMMISSIONER.—On or before the 5th day of each succeeding month, the collector shall transmit a copy of such record of the preceding month to the Commissioner.

(e) DELIVERY BY COLLECTOR TO SUCCESSOR.—In case of the death or removal of the collector, or the expiration of his term of office from any other cause, said record shall be delivered to his successor in office.

(f) COPY AS EVIDENCE.—A copy of every such record, certified by the collector, shall be evidence in any court of the truth of the facts therein stated.

**SEC. 3707. CROSS REFERENCES.**

For provisions relating to—

Levy, see section 3692.

Production of books, see section 3711.

Sale of indivisible property, see section 3712.

Administration of real estate acquired by the United States, see section 3795.

## 456  CODIFICATION OF INTERNAL REVENUE LAWS

### PART III—GENERAL PROVISIONS

**SEC. 3710. SURRENDER OF PROPERTY SUBJECT TO DISTRAINT.**

(a) REQUIREMENT.—Any person in possession of property, or rights to property, subject to distraint, upon which a levy has been made, shall, upon demand by the collector or deputy collector making such levy, surrender such property or rights to such collector or deputy, unless such property or right is, at the time of such demand, subject to an attachment or execution under any judicial process.

(b) PENALTY FOR VIOLATION.—Any person who fails or refuses to so surrender any of such property or rights shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of the taxes (including penalties and interest) for the collection of which such levy has been made, together with costs and interest from the date of such levy.

(c) PERSON DEFINED.—The term "person" as used in this section includes an officer or employee of a corporation or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs.

**SEC. 3711. PRODUCTION OF BOOKS.**

All persons, and officers of companies or corporations, are required, on demand of a collector or deputy collector about to distrain or having distrained on any property, or rights of property, to exhibit all books containing evidence or statements relating to the subject of distraint, or the property or rights of property liable to distraint for the tax due.

**SEC. 3712. SALE OF INDIVISIBLE PROPERTY.**

When any property liable to distraint for taxes is not divisible, so as to enable the collector by sale of a part thereof to raise the whole amount of the tax, with all costs and charges, the whole of such property shall be sold, and the surplus of the proceeds of the sale, after making allowance for the amount of the tax, interest, penalties, and additions thereto, and for the costs and charges of the distraint and sale, shall be deposited with the Treasurer of the United States as provided in section 3971.

**SEC. 3713. DISTRAINT BY COLLECTOR OUTSIDE HIS DISTRICT.**

Any collector or deputy collector may, for the collection of taxes imposed upon any person, and committed to him for collection, seize and sell any of the property, real or personal (except property exempt from distraint and sale under section 3691), or any right or interest therein, of such person situated in any other collection district within the State in which such officer resides, notwithstanding the provisions of subsection (b) of section 3651; and his proceedings in relation thereto shall have the same effect as if the same were had in his proper collection district.

**SEC. 3714. PERIOD OF LIMITATION UPON DISTRAINT.**

(a) LENGTH OF PERIOD.—

For period within which distraint may be begun in case of—

Income tax, see sections 276 (c) and 277.

Estate tax, see sections 874 (b) (2) and 875.

Miscellaneous taxes, see section 3312 (d).

(b) DATE OF BEGINNING DISTRAINT.—In determining the running of any period of limitation in respect of distraint, the distraint shall be held to have been begun—

(1) PERSONAL PROPERTY.—In the case of personal property, on the date on which the levy upon such property is made; or

(2) REAL PROPERTY.—In the case of real property, on the date on which notice of the time and place of sale is given to the person whose estate it is proposed to sell.

Attachment 2 - page 7 of 8

COLLECTION 457

**SEC. 3715. SUCCESSIVE SEIZURES.**

Whenever any property, personal or real, which is seized and sold by virtue of the foregoing provisions, is not sufficient to satisfy the claim of the United States for which distraint or seizure is made, the collector may, thereafter, and as often as the same may be necessary, proceed to seize and sell in like manner, any other property liable to seizure of the person against whom such claim exists, until the amount due from him, together with all expenses, is fully paid.

**SEC. 3716. FEES AND CHARGES IN DISTRAINT AND SEIZURE CASES.**

The Commissioner shall by regulation determine the fees and charges to be allowed in all cases of distraint and other seizures; and shall have power to determine whether any expense incurred in making any distraint or seizure was necessary.

**SEC. 3717. CROSS REFERENCE.**

For distraint proceedings against delinquent collectors, see sections 3975 to 3978.

### SUBCHAPTER D—FORFEITURES

**SEC. 3720. SEIZURE OF FORFEITABLE PROPERTY.**

(a) PROPERTY SUBJECT TO SEIZURE AND FORFEITURE.—

(1) MANUFACTURED ARTICLES.—All goods, wares, merchandise, articles, or objects, on which taxes are imposed, which shall be found in the possession, or custody, or within the control of any person, for the purpose of being sold or removed by him in fraud of the internal revenue laws, or with design to avoid payment of said taxes, may be seized, and shall be forfeited to the United States.

(2) RAW MATERIALS.—All raw materials found in the possession of any person intending to manufacture the same into articles of a kind subject to tax for the purpose of fraudulently selling such manufactured articles, or with design to evade the payment of said tax, may also be seized, and shall be forfeited, as aforesaid.

(3) EQUIPMENT.—All tools, implements, instruments, and personal property whatsoever, in the place or building, or within any yard or inclosure where such articles or raw materials are found, may also be seized, and shall be forfeited as aforesaid.

(b) AUTHORITY TO MAKE SEIZURES.—

(1) COLLECTORS AND DEPUTY COLLECTORS.—Such property may be seized by the collector or deputy collector of the proper district, or by such other collector or deputy collector as may be specially authorized by the Commissioner for that purpose.

(2) OTHER INTERNAL REVENUE OFFICERS.—Any officer of internal revenue may be specially authorized by the Commissioner to seize any property which may by law be subject to seizure, and for that purpose such officer shall have all the power conferred by law upon collectors; and such special authority shall be limited in respect of time, place, and kind and class of property, as the Commissioner may specify.

(c) RESPONSIBILITY.—

For the issuance of certificates of probable cause relieving officers making seizures of responsibility for damages, see R. S. 970 (U. S. C., Title 28, § 818).

**SEC. 3721. CUSTODY OF SEIZED GOODS PRIOR TO JUDICIAL PROCEED-INGS.**

Any goods, wares, merchandise, articles, or objects which may be seized, under the provisions of section 3720, by any collector or deputy collector, may, at the option of the collector, be delivered to the marshal of the district, and remain in the care and custody and under the control of said marshal, until he shall obtain possession by process of law.

98907°—39—PT. I—30          Attachment 2 - page 8 of 8



**OFFICE OF THE SECRETARY OF STATE**

## CERTIFICATE OF GOOD STANDING
## FOREIGN LIMITED LIABILITY COMPANY

*I, THE UNDERSIGNED, Secretary of State of the State of Oklahoma, do hereby certify that I am, by the laws of said State, the custodian of the records of the state of Oklahoma relating to the right of certain business entities to transact business in this state and am the proper officer to execute this certificate.*

*I FURTHER CERTIFY that PERSHING LLC, a Foreign Limited Liability Company organized and existing by virtue of the laws of the state of DE, whose registered agent is CORPORATION SERVICE COMPANY, with its registered office at 115 SW 89TH ST OKLA CITY 73139 8511 USA Oklahoma, is duly qualified as a Foreign Limited Liability Company to transact business within the state of Oklahoma and is in good standing according to the records of this office. This certificate is not to be construed as an endorsement, recommendation or notice of approval of the entity's financial condition or business activities and practices. Such information is not available from this office.*



*IN TESTIMONY WHEREOF, I hereunto set my hand and affixed the Great Seal of the State of Oklahoma, done at the City of Oklahoma City, this 4th, day of May, 2010.*

*M. Susan Savage*

**Secretary Of State**

Attachment 3 - page 1 of 1



**Pershing**
AN AFFILIATE OF THE BANK OF NEW YORK MELLON

January 26, 2010

IRA FBO Mark A. Green
P.O. Box 924
Broken Arrow, OK 74013-0924

Re:     Account Numbers: 5NX-490598
        Account Broker:  Next Financial Group Inc.
        IRS Notice of Levy Received: January 25, 2010

Dear Mr. Green:

Pershing LLC ("Pershing") has received a Notice of Levy from the Internal Revenue
Service on the above account, a copy of which is attached.

Please advise your broker, but in no event more than 15 days from the date of this letter
how you intend to satisfy your obligation from the assets in the account.  If you fail to do
so, Pershing shall be required to decide how to satisfy the amount of the levy.

Until this outstanding amount is paid, Pershing is required to restrict your ability to
withdraw any funds from your account.  If you have questions regarding this levy, you
should contact the Internal Revenue Service.

                    Very truly yours,

                    PERSHING LLC

cc:     Mike Brown, Next Financial Group Inc.

**Attachment 4 - page 1 of 1**

**N E X T** financial
group

2500 Wilcrest Dr., Suite 620
Houston, TX 77042
713-789-7122

001836 XPADVD01

IRA FBO  MARK A GREEN
PERSHING LLC AS CUSTODIAN
P O BOX 924
BROKEN ARROW OK 74013-0924

May 18, 2010

**Account Number:** 5NX-XXXX98

### Third Party Check

Based on your instruction, we have issued a check from your above-referenced account payable to a third party or payable to you, but to an address other than your primary mailing address. The details of your check request are below.

May 18, 2010

In the amount of $113,457.83 with the reason noted as PREMATURE, issued to:

UNITED STATES TREASURY
FBO MARK A. GREEN
*

NEXT FINANCIAL GROUP INC provides this notice to you as added security in the event that either you did not authorize the transaction or details regarding the transaction are incorrect.

Please contact your Investment Professional with any questions that you may have regarding this transaction.

001836 XPADVD01  002011

Attachment 5 - page 1 of 1

Clearing through Pershing LLC, a subsidiary
of The Bank of New York Mellon Corporation
Pershing LLC, member FINRA, NYSE, SIPC