UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK ANDRES GREEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 12-CV-0296-CVE-FHM |
| PERSHING, L.L.C. and JOHN DOES 1-20, | ) ) ) ) ) |
| Defendants. | ) |

# OPINION AND ORDER

Now before the Court is defendant Pershing L.L.C.'s (Pershing) motion for judgment on the pleadings (Dkt. # 17), on the ground that Pershing is "expressly shielded from any and all liability to plaintiff." Id. at 1. Plaintiff Mark Green, appearing pro se, filed a complaint seeking to recover $113,457.83 in funds that Pershing paid to the Internal Revenue Service (IRS) from plaintiff's individual retirement account (IRA), and additionally seeking special, compensatory, and general damages, and punitive damages in the amount of $1,000,000. Dkt. # 2. Plaintiff asserts seven claims, all of which are premised upon the assertion that Pershing lacked the authority to surrender to the IRS cash proceeds in plaintiff's IRA.

## I.

Plaintiff had an IRA account at Next Financial Group, Inc. (Next). Pershing is a securities clearing firm, which provides services to financial organizations, including Next. Dkt. # 17, at 1-2. In January 2010, Pershing received a notice of levy from the IRS regarding plaintiff's IRA. Dkt. # 2, at 33. Included with the notice of levy was a cover page, signed by Fred Rice, a Revenue Officer for the IRS, which noted that the Notice of Levy "attaches the taxpayer's property." Dkt.

# 8-1, at 2. Pershing notified plaintiff in a letter dated January 26, 2010 that it had received a notice of levy, and asked that plaintiff notify his broker within fifteen days of receipt of the letter as to how he intended to satisfy his IRS obligation from the assets in his account. Dkt. # 2, at 33; Dkt. # 8-1, at 1. Pershing further noted that it would be required to restrict plaintiff's ability to withdraw any funds from his account until the outstanding amount was paid. Dkt. # 2, at 33. On May 6, 2010, Pershing received a "Final Demand for Payment" from the IRS that stated "[d]emand is again made for $329686.03," and that plaintiff still owed that amount to the United States. Dkt. # 8-2, at 1. The Final Demand for Payment also notified Pershing that if Pershing did not pay within five days, the IRS would consider that a refusal to pay and would enforce the penalty provisions of 26 U.S.C. § 6332. Dkt. # 8-2. Plaintiff gave notice to both Pershing and Next that funds from his IRA should not be forwarded to the IRS.[1] Dkt. # 2, at 8. As of May 18, 2010, the total account value of plaintiff's IRA was $113,457.83, and, on that day, Pershing issued a check to the IRS in the amount of $113,457.83. Dkt. # 8-3. On the same day, Pershing notified plaintiff that it had issued a check, in the amount of $113,457.83, from his account made payable to the United States Treasury. Dkt. # 2, at 34; Dkt. # 8-3, at 1.

---

[1] On April 16, 2010, plaintiff and his wife, Jana Rae Green, proceeding pro se, filed a "Motion for Emergency Stay – Injunction." Mark Andres Green and Jana Rae Green v. United States of America and Fred Rice, N. D. Okla. Case No.: 10-CV-00241-GKF-TLW. Plaintiff requested an injunction because, he argued, he had "fraudulent Notices of Federal Tax Liens . . . and Levies filed against" him. Dkt. # 1, at 1. Plaintiff attached a copy of the notice of levy, dated December 16, 2009, to his motion. Dkt. # 1-1, at 1. On April 30, 2010, plaintiff's motion was denied and his case was dismissed for lack of subject matter jurisdiction. Dkt. # 3, at 4.

**II.**

"After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." Atlantic Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1160 (10th Cir. 2000); accord Corder v. Lewis Palmer Sch. Dist. No. 38, 566 F.3d 1219, 1223-24 (10th Cir. 2009). In considering a motion under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly stated the pleadings standard for all civil actions. See Ashcroft v. Iqbal, 556 U.S. 662 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB–TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. Of Cnty. Com'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations

3

without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.3d 1106, 1109-10 (10th Cir. 1991).

"Judgment on the pleadings should not be granted 'unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" Park Univ. Enters., Inc. v. Am. Cas. Co., 442 F.3d 1239, 1244 (10th Cir. 2006) (quoting United States v. Any & All Radio Station Transmission Equip., 207 F.3d 458, 462 (8th Cir. 2000)). Finally, "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall, 935 F.2d at 1110 (citing Hains v. Kerner, 404 U.S. 519, 520-21 (1972)) (remaining citations omitted). However, "it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

### III.

To satisfy a federal tax debt, the IRS is authorized to impose a tax lien on "all property and rights to property, whether real or personal, belonging to [a] person." 26 U.S.C. § 6321. Such a lien was intended by Congress to "reach every interest in property that a taxpayer may have." United States v. Nat'l Bank of Commerce, 472 U.S. 713, 719-20 (1985); Kane v. Capital Guardian Trust Co., 145 F.3d 1218, 1221 (10th Cir. 1998). "Because a federal tax lien is not self-executing, the IRS must take affirmative measures to collect the delinquent taxes." Nat'l Bank of Commerce, 472 U.S. at 719-20. To enforce its lien, the IRS may initiate an administrative levy under 26 U.S.C. § 6331(a), which is a provisional remedy "justified by 'the need of the government promptly to secure its revenues.'" Id.

The administrative levy process begins "by serving a notice of levy on any person in possession of, or obligated with respect to, property or rights to property subject to levy." Kane, 145

4

F.3d at 1221 (citation and quotation marks omitted). "The IRS effectuates a levy upon intangible property . . . by the sole act of serving notice of levy upon the third party holding the property." Id. (citations omitted). "Upon service of the notice of levy, the IRS 'steps into the shoes of the taxpayer and acquires 'whatever' rights to the property the taxpayer possessed.'" Id. (quoting United States v. Bell Credit Union, 860 F.2d 365, 369 (10th Cir. 1988)). In other words, the "notice gives the IRS the right to all property levied upon . . . and creates a custodial relationship between the person holding the property and the IRS so that the property comes into the constructive possession of the Government." Nat'l Bank of Commerce, 472 U.S. at 720 (citations omitted). "The constitutionality of the levy procedure, of course, 'has been long settled.'" Id. at 721 (quoting Phillips v. Commissioner, 283 U.S. 589, 595 (1931)) (citing G.M. Leasing Corp. v. United States, 429 U.S. 338, 628, n. 18 (1977)).

The IRS has the right to levy on "property or rights to property." 26 U.S.C. § 6332(a). Tenth Circuit precedent is clear that the right to withdraw funds from an IRA constitutes a "right to property." Kane, 145 F.3d at 1223. Further, "where a taxpayer has the right to withdraw funds from his account, 'it is inconceivable that Congress intended to prohibit the Government from levying on that which is plainly accessible to the delinquent taxpayer-depositor.'" Id. at 1223-23 (quoting Nat'l Bank of Commerce, 472 U.S. at 725-26)). Therefore, when the holder of the IRA liquidates and surrenders the cash value to the IRS, it is surrendering a "right to property." Id.

If a third party fails to honor a federal tax levy, the third party is "liable for a sum equal to the value of the property plus interests and costs." Kane, 145 F.3d at 1222 (citing 26 U.S.C. § 6332(c)(1)). "If the failure to surrender the property is without reasonable cause, the third party may incur a 50% penalty as well." Id. There are only two defenses to failure to comply with a notice of

5

levy. Bell Credit Union, 860 F.2d at 367. "The third party must establish that it is not in possession of the property or that the property was subject to prior judicial attachment or execution." Id. (citations omitted). Once a third party surrenders the property to the IRS, the third party is "discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment." 26 U.S.C. § 6332(e).

"Under the 1939 [Internal Revenue] Code, the warrant for distraint was an official Treasury form (Form 69) issued to a revenue agent by the director . . . stating the account of the taxpayer and directing the agent to enforce collection." 4 Laurence F. Casey, Introductory Comments–History–Warrant for Distraint Under Prior Law, in Casey Fed. Tax. Prac. § 13C:03 (2012). However, "[u]nder the current Code[,] a warrant of distraint is no longer necessary," and a third party is not required to command one prior to surrendering property. Id.; Rosenblum v. United States, 300 F.2d 843, 844-45 (1st Cir. 1962); United States v. Eiland, 223 F.2d 118, 121 (4th Cir. 1955); Heaton v. YRC, Inc., Civ. No. 09-2807 RHK/JJK, 2009 WL 5103228 *2 (D. Minn. Dec. 17, 2009). "Without exception the case law supports the use of a notice of levy." Schiff v. Simon & Schuster, Inc., 780 F.2d 210, 212 (2d Cir. 1985) (listing cases). Further, a notice of levy is the "usual and recognized method of distraint and seizure of property." St. Louis Union Trust Co. v. United States, 617 F.2d 1293, 1302 (8th Cir. 1980); Heaton, 2009 WL 5103228 *2.

Plaintiff's seven claims are all premised upon Pershing's compliance with the notice of levy. Dkt. # 2, at 8-10. Plaintiff claims (1) that Pershing "did not have any 'Warrant of Distraint' or 'Distraint Warrant' from the IRS;" (2) that Pershing "had no authority to issue any check to the Department of Treasury;" (3) that Pershing "had no authority under the Statutes of the United States

6

. . . to issue any check;" (4) that Pershing "was required [ ] to have both a 'Notice of Levy' and a 'Warrant of Distraint;'" (5) that Pershing had no authority to issue a check without an order from a court; (6) that the notice of levy violated 5 U.S.C. § 706; and (7) that Pershing had "a duty to validate any Notice of Levy." Id.

Plaintiff acknowledges that Pershing received a notice of levy in January 2010. Dkt. # 2, at 7. Moreover, plaintiff acknowledges that his IRA was "property or rights to property." Id. at 8. However, plaintiff argues that Pershing was required to receive a "Warrant of Distraint" from the IRS prior to surrendering the cash value of his IRA to the IRS. Id. at 8-10. As noted above, a Warrant of Distraint is not a requirement. Once the IRS complies with the notice of levy provisions, § 6332(e) "clearly bars money damages against a person who has complied with an IRS levy." Smith v. Kitchen, 132 F.3d 43, *3 (10th Cir. 1997) (unpublished) (citations omitted).

Plaintiff's claim that Pershing had no authority to issue a check without a court order is also mistaken. There is no requirement that a third party seek a court order prior to complying with a notice of levy. "Administrative levy, unlike an ordinary lawsuit, . . . does not require any judicial intervention." United States v. Rogers, 461 U.S. 677, 682 (1983) (citation omitted). Plaintiff's seventh claim, that Pershing had a duty to validate the notice of levy, is similarly incorrect. See United States v. Moskowitz, Passam, & Edelman, 603 F.3d 162, 166 (2d Cir. 2010) (validity of levy not valid reason to refuse to honor the notice of levy); Schiff, 780 F.2d at 212 (dispute over underlying tax assessment immaterial to third party's obligation to honor notice of levy). Finally, plaintiff's claim that the notice of levy was in violation of 5 U.S.C. § 706 is unavailing because that section does not validate, or invalidate, actions of the IRS, but instead sets forth the scope of review of agency actions.

Because the IRS properly provided a notice of levy to Pershing, plaintiff is barred from recovering from Pershing for its compliance. This Court finds that Pershing is statutorily discharged from liability for surrendering funds from plaintiff's IRA to the IRS, and plaintiff's claims fail as a matter of law.

**IT IS THEREFORE ORDERED** that defendant Pershing, L.L.C.'s motion for judgment on the pleadings (Dkt. # 17) is **granted**.

**IT IS FURTHER ORDERED** that, because no other defendant has been served or entered an appearance in this case, this is a final order terminating the case. A separate judgment is entered herewith.

**DATED** this 22nd day of October, 2012.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE