UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK ANDRES GREEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 12-CV-0296-CVE-FHM |
| PERSHING, L.L.C. and JOHN DOES 1-20, | ) ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court is plaintiff Mark Andres Green's motion to reconsider. Dkt. # 25. Plaintiff argues that the Court erred when it granted defendant Pershing L.L.C.'s (Pershing) motion for judgment on the pleadings (Dkt. # 24) because the Court mistakenly relied on several cases, failed to properly apply the 1939 Internal Revenue Code, and failed to take judicial notice of H.R. Rep. No. 83-1337, 5225 (1954) and 26 U.S.C. § 6631.

On May 22, 2012, plaintiff, appearing pro se, filed a complaint seeking to recover $113,457.83 in funds that Pershing paid to the Internal Revenue Service (IRS) from plaintiff's individual retirement account (IRA), and additionally seeking special, compensatory, and general damages, and punitive damages in the amount of $1,000,000. Dkt. # 2. Plaintiff asserted seven claims, all of which were premised upon the assertion that Pershing lacked the authority to surrender to the IRS cash proceeds in plaintiff's IRA.

Plaintiff had an IRA account at Next Financial Group, Inc. (Next). Pershing is a securities clearing firm, which provides services to financial organizations, including Next. Dkt. # 17, at 1-2. In January 2010, Pershing received a notice of levy from the IRS regarding plaintiff's IRA. Dkt.

# 2, at 33. Pershing notified plaintiff that it had received a notice of levy. Dkt. # 2, at 33; Dkt. # 8-1, at 1. On May 6, 2010, Pershing received a "Final Demand for Payment" from the IRS that stated "[d]emand is again made for $329686.03," and that plaintiff still owed that amount to the United States. Dkt. # 8-2, at 1. As of May 18, 2010, the total account value of plaintiff's IRA was $113,457.83, and, on that day, Pershing issued a check to the IRS in the amount of $113,457.83. Dkt. # 8-3. The Court found that, because the IRS properly provided a notice of levy to Pershing, plaintiff was barred from recovering from Pershing for its compliance. Dkt. # 24. Further, the Court found that Pershing was statutorily discharged from liability for surrendering funds from plaintiff's IRA to the IRS, so that plaintiff's claims failed as a matter of law. Id.

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b)." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). Plaintiff's motion was filed within ten days of the Court's opinion and order granting Pershing's motion for judgment on the pleadings, so the Court will treat it as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). Allender v. Raytheon Aircraft Co., 439 F.3d 1236, 1242 (10th Cir. 2006). A motion to reconsider, like a motion to alter or amend judgment, should be granted only upon the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); see Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1186 n.5 (10th Cir. 2000). A district court does not abuse its discretion if it refuses to reconsider arguments that have already been considered and rejected. See Servants of the

2

Paracletes, 204 F.3d at 1009; Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." FDIC v. United Pacific Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)).

The Court has reviewed defendant's arguments and finds no basis to reconsider its prior opinion and order. Plaintiff does not submit any newly discovered evidence in his motion to reconsider or argue that there was an intervening change in the controlling law. Plaintiff instead reiterates several arguments previously made in his complaint and in his response to defendant's motion for judgment on the pleadings. Plaintiff again cites to the 1939 Internal Revenue Code as controlling and argues that a warrant of distraint is required before a third party may surrender property to the IRS after a notice of levy. Plaintiff's motion essentially states his disagreement with the Court's decision, but that is not a valid basis for reconsideration under Rule 59(e). Therefore, plaintiff's motion to reconsider should be denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion to reconsider (Dkt. # 25) is **denied**.

**DATED** this 5th day of November, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE